# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT CLARK (N23186), | ) | |
| | ) | |
| Petitioner, | ) | Case No. 16 C 10818 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| RANDY PFISTER, Warden, Stateville Correctional Center, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is pro se petitioner Robert Clark's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Clark's habeas petition and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

**Background**

When considering habeas petitions, federal courts presume that the factual findings made by the last state court to decide the case on the merits are correct unless the habeas petitioner rebuts those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Sims v. Hyatte*, 914 F.3d 1078, 1095 (7th Cir. 2019). Where Clark has not provided clear and convincing evidence to rebut this presumption, the following factual background is based on the Illinois Appellate Court's decisions.

*Factual Background*

In the evening of June 11, 2004, Clark and Leodis Norwood were driving together in Norwood's car along South Lafayette Avenue in Chicago. According to eyewitnesses, the car abruptly stopped and Norwood and Clark got out while arguing. Norwood reached into the car and pulled out a steering wheel locking device known as "the Club." When Norwood turned to Clark, Clark grabbed Norwood by the shirt, took the Club, and struck Norwood in the head several times.

Norwood fell to the ground, after which Clark punched him two or three times. Then, Clark returned to Norwood's car and sat in the driver's seat. Norwood staggered to his feet and leaned in through the driver's side window.

Norwood and Clark continued fighting as Clark drove away while Norwood was hanging from the car window. Norwood was then flung to the ground. Clark later arrived at his aunt's house on 111th Street in Chicago and used her phone. Once he left, she found Norwood's car parked in her driveway. The next day, Clark called his cousin Leonard Allison explaining he had gotten into a fight and needed somewhere to stay until things blew over. Allison drove Clark to Allison's home in Hammond, Indiana and then later to Minnesota. Clark told his cousin that Norwood had tried to hit him with the Club, but Clark took it from him and hit him in the face. Clark also told Allison that Norwood may have died.

Police officers recovered part of the Club from the fight's location and recovered the rest of the Club, a T-shirt, and Norwood's car from the home of Clark's aunt. Blood found on both portions of the Club, the T-shirt, on and within the car, and on the street where the fight occurred matched Norwood. The T-shirt also tested positive for Clark's DNA. Norwood's autopsy revealed that his death was caused by multiple injuries from the fight and from being dragged and thrown from the moving car.

At trial, Clark presented an expert witness who testified that Norwood's death resulted from the fall from the car, not the fight. He also presented a fact witness, his sister Sarah Clark, who had been dating Norwood for approximately eight years. She testified that Norwood was drunk on June 11, 2004. Clark did not testify.

In June 2009, the jury found Clark guilty of aggravated vehicular hijacking and first degree murder.

Following the jury verdict, Clark filed several pro se motions claiming ineffective assistance of trial counsel. He argued that his attorneys failed to present evidence that they mentioned in their opening statement and persuaded him not to testify. Clark also argued that counsel was constitutionally ineffective for failing to object to a juror who lived near the prosecutor and for failing to invoke his right to a speedy trial. The trial court held a hearing under *People v. Krankel*, 102 Ill.2d 181 (1984). At that time, the trial court did not appoint Clark counsel and ultimately denied his motions, including his motion for a new trial. In particular, the court found the record demonstrated that Clark's "lawyers were highly effective, competent and vigorous in their representation of him." (R. 15-21, Ex. U, OOO-51.) The trial court further concluded that Clark had "not come close to establishing a factual basis that any of his claims are meritorious or are anything other than spurious." (*Id.*)

At the June 2009 sentencing hearing, the trial court found Clark was eligible for the death penalty based on his conviction for a felony murder.[1] The court, however, determined that the death penalty was an inappropriate sentence, but merged Clark's convictions for aggravated vehicular hijacking and first degree murder. The trial court then sentenced Clark to 100 years in prison.

*Procedural Background*

Clark, by counsel, filed an appeal to the Illinois Appellate Court, First Division, arguing (1) the trial court erred by failing to conduct an adequate inquiry into his pre-trial motion for appointment of counsel because the public defender was constitutionally ineffective; (2) trial counsel was ineffective for failing to present evidence promised in the opening statements; and (3) his sentence was excessive. The Illinois Appellate Court affirmed Clark's conviction and sentence in

---

[1] Illinois abolished the death penalty in 2011.

August 2011. Clark then filed a pro se petition for leave to appeal ("PLA") bringing the same claims to the Illinois Supreme Court. The Supreme Court denied his PLA in January 2012.

In April 2013, Clark filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*. He presented the following arguments: (1) the prosecution made improper comments in its opening statement and closing arguments; (2) his right to a speedy trial was violated; (3) trial counsel was ineffective for persuading him not to testify and for failing to object to a juror who lived by the prosecutor; and (4) appellate counsel was constitutionally ineffective for failing to (i) argue that trial counsel was ineffective for persuading him not to testify, (ii) argue a speedy trial violation, (iii) object to the juror who lived by the prosecutor, and (iv) argue that the prosecutor's improper remarks at opening and closing statements violated due process. In October 2013, the trial court dismissed the petition at the first stage of the post-conviction proceedings, concluding that the petition was frivolous and patently without merit.

On post-conviction appeal, Clark, by counsel, argued that his post-conviction petition established an arguably meritorious claim that appellate counsel was ineffective for failing to raise a claim on direct appeal that the trial court should have appointed counsel to represent him at his post-trial *Krankel* hearing. In January 2016, the Illinois Appellate Court affirmed concluding that Clark had forfeited his appellate counsel argument because he failed to raise it in his post-conviction petition. Clark raised this same issue in his PLA. The Illinois Supreme Court denied his post-conviction PLA in May 2016.

**Legal Standards**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court cannot grant habeas relief unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Felton v. Bartow*, 926 F.3d 451, 464 (7th Cir.

4

2019). The Supreme Court has explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407.

"[A] state prisoner must exhaust his remedies in state court before seeking relief in federal court." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister,* 834 F.3d 808, 815 (7th Cir. 2016) (citation omitted). If a habeas petitioner fails to fully and fairly present his federal claims through one full round of state court review, he has procedurally defaulted his claims. *Tabb v. Christianson,* 855 F.3d 757, 765 (7th Cir. 2017).

**Discussion**

Clark filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254(d). Viewing his pro se petition liberally, *see Lund v. United States,* 913 F.3d 665, 669 (7th Cir. 2019), he asserts: (1) the trial court failed to conduct an adequate inquiry into his pre-trial motion for appointment of counsel based on the public defender being constitutionally ineffective; (2) trial counsel was constitutionally ineffective for failing to present evidence promised in the opening statements, persuading him not to testify at trial, and failing to object about the juror who lived near the prosecutor and slept during trial; (3) the State made inflammatory and erroneous remarks in opening statements and closing arguments violating his due process rights; (4) his right to a speedy trial was violated; (5) appellate counsel was ineffective for failing to assert that trial counsel was ineffective for

5

(i) persuading him to not testify at his trial, (ii) failing to object to the juror who resided by the prosecutor and slept during trial, and (iii) failing to argue a speedy trial violation; (6) appellate counsel was ineffective for failing to argue that the State made improper comments during opening and closing statements; and (7) appellate counsel was ineffective for failing to challenge the trial court's determination not to appoint counsel for the post-trial *Krankel* proceedings.

*Procedural Default*

Clark has procedurally defaulted all but two of his habeas claims. First, Clark brings two claims for the first time in his habeas petition, namely, that his appellate counsel was ineffective for failing to object to the juror who resided by the prosecutor and then slept during trial; and that his appellate counsel was ineffective for not arguing a speedy trial violation. It is well-settled that a habeas petitioner cannot raise a claim for the first time in his habeas petition, but must first raise the issue in his state court proceedings. *See Sotelo v. Indiana State Prison*, 850 F.2d 1244, 1252 (7th Cir. 1988).

Next, Clark has procedurally defaulted his argument that appellate counsel was ineffective for failing to challenge the trial court's decision not to appoint counsel for the *Krankel* proceedings because the Illinois Appellate Court's decision in this respect rested on independent and adequate state law grounds, namely, that Clark had forfeited this argument because he did not bring it in his post-conviction petition. *Richardson v. Griffin*, 866 F.3d 836, 842 (7th Cir. 2017). Federal courts have long recognized that Illinois' forfeiture (waiver) rule is an independent and adequate state law procedural ground. *See Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009).

Clark has also procedurally defaulted claims he made in his post-conviction petition, but not in his post-conviction appeal or PLA. *Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018) ("A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review."). These

6

claims include: (1) trial counsel was constitutionally ineffective for persuading him not to testify on his own behalf at trial and failing to object to the sleeping juror who lived near the prosecutor; (2) the State made inflammatory and erroneous remarks in opening statements and closing arguments violating his due process rights; (3) his right to a speedy trial was violated; and (4) appellate counsel was ineffective for failing to argue that trial counsel was ineffective in persuading him not to testify at trial and failing to argue that the State made improper opening and closing statements.

Clark does not address his procedurally defaulted claims, including that cause and prejudice excepted his default or that he is actually (factually) innocent. *See House v. Bell*, 547 U.S. 518, 536, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). And, after a careful reviewed the record, the Court finds no basis for any such exception. Because no exception applies to Clark's procedurally defaulted claims, the Court is barred from reviewing their merits. *Hicks v. Hepp*, 871 F.3d 513, 531 (7th Cir. 2017).

*Merits Discussion*

Turning to Clark's habeas claims that he did not procedurally default, he first asserts that the trial court failed to conduct a sufficient inquiry into his pre-trial motion for counsel in which he argued that the public defender was constitutionally ineffective. On direct appeal, the Illinois Appellate Court concluded that under Illinois law, a trial court is not obligated to address a defendant's pro se claims of ineffective assistance of counsel prior to trial. *See People v. Jocko*, 940 N.E.2d 59, 63, 346 Ill. Dec. 59, 63, 239 Ill.2d 87, 93 (Ill. 2010) ("Because there is no way to determine if counsel's errors have affected an outcome that has not yet occurred, the circuit court cannot engage in this analysis prior to trial.").

This claim is not cognizable on habeas review because "[f]ederal habeas corpus relief is not available to correct perceived errors of state law." *Crockett v. Butler*, 807 F.3d 160, 168 (7th Cir. 2015). To explain, "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts[.]" *Wilson v. Corcoran*, 562 U.S. 1, 5, 131

7

S.Ct. 13, 178 L.Ed.2d 276 (2010). Here, Clark is challenging the Illinois Supreme Court's procedural decision in relation to pre-trial motions for counsel. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). When conducting habeas review, federal courts are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," *id.*, therefore federal habeas relief is not warranted because Clark bases his argument on state law.

Clark further contends that his trial counsel was constitutionally ineffective for failing to present evidence promised in the opening statements. To establish ineffective assistance of counsel in violation of the Sixth Amendment, Clark must show (1) his trial attorney's performance "fell below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* prejudice prong, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," rather, Clark must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693, 695. Also, if Clark fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *Id.* at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

In addressing this ineffective assistance of counsel claim on direct appeal, the Illinois Appellate Court framed the issue as follows:

> Defendant maintains that defense counsel told the jury during the opening statement that the incident that resulted in Norwood's death was a drunken fight among friends. Counsel also told the jury that both defendant and Norwood were drinking at the time, that defendant had a drinking problem, that Norwood became combative and argumentative when he drank, that Norwood hit defendant on the

8

> head with the Club, that it would see defendant's scar, and that Norwood choked defendant. Defendant asserts that counsel did not present any evidence showing that defendant was drinking at the time of the incident, that Norwood became combative, or that Norwood choked defendant or hit him with the Club and gave him a scar.

*People v. Clark*, 2011 IL App (1st) 091942-U, ¶ 20, 2011 WL 9698920, at *4 (1st Dist. 2011). In concluding that Clark did not establish the *Strickland* prejudice prong, the Illinois Appellate Court reasoned:

> [D]efendant was not prejudiced by counsel's alleged deficient performance where the evidence of his guilt was overwhelming. The record shows that the jury found defendant guilty of aggravated vehicular hijacking and first degree murder, in that he killed Norwood during the commission of the crime of aggravated vehicular hijacking.
>
> …
>
> The evidence presented at trial shows that defendant took Norwood's vehicle by the use of force where he hit him in the head with the Club and drove away in his car, and that Norwood was 71 years-old at the time. The evidence also shows that defendant caused the death of Norwood while he took his car by the use of force where Norwood died of some combination of the injuries he suffered from being beaten by defendant and from being thrown from his vehicle as defendant drove away. Thus, regardless of any alleged deficiency in counsel's performance, the evidence clearly showed that defendant was guilty of aggravated vehicular hijacking and felony murder.

*Id.* at *6-7.

The Illinois Appellate Court's prejudice determination is a reasonable application of *Strickland* because it is not "well outside permissible differences of opinion." *Felton*, 926 F.3d at 464 (citation omitted). The Illinois Appellate Court effectively applied *Strickland* by analyzing whether there was a reasonable probability that absent counsel's alleged error the result of Clark's proceedings would have been different, concluding that overwhelming evidence support his conviction. *Blackmon v. Williams*, 823 F.3d 1088, 1105 (7th Cir. 2016) ("A verdict or conclusion that is overwhelmingly supported by the record is less likely to have been affected by errors than one that

is only weakly supported by the record.") (citation omitted). Accordingly, Clark's claim does not warrant habeas relief.

**Certificate of Appealability**

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). The petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; 28 U.S.C. § 2253(c)(2). Under this standard, Clark must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation and quotation marks omitted). In cases where a district court denies a habeas claim on procedural grounds, a certificate of appealability should issue only if the petitioner shows (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 485.

Clark has not established that reasonable jurists would debate that his claim based on state law was not cognizable on habeas review or that the Illinois Appellate Court unreasonable applied *Strickland* to his ineffective assistance of trial counsel claim. Also, a reasonable jurist would not debate that the Court erred in its procedural default determinations. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case," the claim is not debatable). The Court therefore declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court denies petitioner's petition for a writ of habeas corpus [1] and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2254(d). Civil case terminated.

SO ORDERED.

Sharon Johnson Coleman
United States District Judge

DATED: 11/25/2019